Mandeville Adm'r &c. agt. Winne.

## SUPREME COURT.

### MANDEVILLE, Adm'r, &c. agt. WINNE.

A defendant must answer the complaint within the twenty days, prescribed by statute. He has not a right to answer after the expiration of the twenty days and before judgment is actually taken.

*Albany Special Term, July* 1851. This was a motion to set aside a judgment and for leave to answer.

The facts sufficiently appear in the opinion of the court.

WM. H. KING, *for Plaintiff.*

H. J. HASTINGS, *for Defendant.*

PARKER, Justice.—The evidence is so contradictory, that I have doubted whether the complaint was served on the 5th or 6th of June. But I think I am bound to hold that the admission of the defendant, proved by the affidavit of Mr. King, outweighs, with the affidavit of the sheriff, the evidence on the part of the defendant, and shows the service to have been made on the 5th June.

The answer then was not served till after the twenty days for answering had expired, viz., on the 26th of June.

It is true the answer was served before judgment was entered, but I do not think it was therefore in time. The Code (§ 130) says "the defendant shall have twenty days to answer." The language is explicit. The time for answering is to be measured by days. No default is required to be entered at the expiration

Mandeville Adm'r &c. agt. Winne.

of that time, as was formerly the practice.   If a rule for default was to be entered it would probably be best to regard the time for answering as extending to the entry of the rule, and to hold the taking of the default as the evidence of the plaintiff's intention to terminate the time for answering.   But as no rule is required, and the time is prescribed by statute, both parties understand when the time for answering expires.   It is the policy of our present practice to dispense with common rules in the progress of the action.   They are no longer deemed necessary, to mark the limit within which a step is to be taken    The default is now deemed to be taken at the end of the twenty days, as effectually as if a rule for that purpose was entered.   The judgment is a subsequent step in the cause.   A defendant never had the right to plead till judgment was entered but only till default.   It is important to the plaintiff to know, before he proceeds to prepare to take judgment, whether a default is perfected.   It would subject a plaintiff to great inconvenience and delay, to compel him to receive an answer at any time before judgment, particularly in a case where he applies to the court for judgment.   A defendant might lie still till the plaintiff's counsel rose in court to move for judgment, with the witnesses present to prove the amount of damages, and then, by serving an answer, he would stop the proceeding and throw the cause over till another circuit.

I think the only safe practice is to require the defendant to answer within the twenty days.   If he can not do so, the time may be extended; and if by mistake the time has elapsed without answering, he may always be relieved on just terms.

The answer then was not served in time; but the defendant swearing to merits, the judgment must be set aside and defendant must have leave to answer on paying costs of judgment and of motion—in all fixed at $15.